IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABISHEK KUMAR, | ) | Case No. 3:26-cv-0569 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| WARDEN OF CORRECTIONS CENTER OF | ) | |
| NORTHWEST OHIO, *et al.,* | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

On March 9, 2026, Petitioner Abhishek Kumar filed a petition for writ of habeas corpus (ECF Doc. 1) and a motion for temporary restraining order (ECF Doc. 2) seeking a custody redetermination hearing or his immediate release and that he not be transferred outside the Norther District of Ohio.  On March 10, 2026, the Court ordered Respondents to notify the Court if this case was materially different than *Leon Macias v. ICE*, 4:25-cv-2642 and *Reyes-Rodriguez v. ICE*, 4:26-cv-03333, in which this Court granted the petitioners' writs and ordered an individualized bond hearing, pursuant to 8 U.S.C. § 1226(a) or the petitioners' release.

In compliance with the Court's order, Respondents filed a response on March 16, 2026. ECF Doc. 5.  While Respondents point out a few minor factual differences between Mr. Kumar's case and those of Mr. Macias and Reyes-Rodriguez, they concede that this Court's decisions in *Macias* and *Reyes-Rodriguez* would control if the Court adheres to those decisions.  ECF Doc. 5 at 15.  For the reasons explained below, the Court declines to reconsider its prior decisions and GRANTS, in part, Petitioner's writ of habeas petition.

## I.     Background

Petitioner is a citizen of India. He was first arrested by ICE on May 5, 2018, approximately 300 yards north of the United States – Mexico International Boundary. ECF Doc. 6-1. Petitioner was still a minor at the time. When he reached majority, he was transferred to ICE's custody and placed in removal proceedings. His asylum was denied and he was ordered removed on June 13, 2023. ECF Doc. 6-2. Petitioner was not initially held in detention during the pendency of his appeal with the BIA.

Petitioner was re-detained and has been in immigration detention since about December 2025. ECF Doc. 1 at 5. ICE did not set bond, and Petitioner did not apply for it because he believed *Matter of Yajure Hurtado,* 29 I. & N. Dec. 216 (BIA 2025) precluded bond during his detention. *Id.* Petitioner now believes he was entitled to a bond hearing, his due process rights were violated, and he is entitled to immediate release. Respondents argue that the Court should apply 8 U.S.C. § 1225(b) which allows for a reasonable period of pre-removal detention during removal proceedings.

## II.    Analysis

### A.  Statutory Application

At the outset, the Court agrees with Respondents that *Bautista v. Santacruz*, --- F.Supp.3d ---, 2025 U.S. Dist. LEXIS 269220 (C.D. Cal. Dec. 18, 2025) ("*Bautista II*") does not preclude this Court from coming to a different conclusion on Petitioner's writ. *Bautista II* was issued by the Central District of California and is currently stayed on appeal. The Court has not given it preclusive effect. Even so, the Court's prior analysis regarding the application of 8 U.S.C. § 1226(a) remains the same.

Consistent with its prior decisions, the Court determines that the statute applying to Mr. Kumar's detention is 8 U.S.C. § 1226(a) which states, in relevant part, "[o]n a warrant issued by

the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." As stated in its prior orders, this interpretation makes more sense for aliens who are already in the country awaiting decisions regarding their removal.

This Court's interpretation is also consistent with the Supreme Court's holding in *Jennings v. Rodriguez*, 583 U.S. 281, 138 S. Ct. 830, 200 L. Ed. 2d 122 (2018), which clarified under which circumstances courts should apply section 1225 versus 1226. *Jennings* noted that § 1225 is part of the "process of decision [that] generally begins at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible." 583 U.S. at 287. Section 1226, however, applies to the process of "arresting and detaining" aliens who are already living within the United States but are still subject to removal. *See id*. at 287. Because Petitioner was in our country for several years prior to being re-detained, Section 1226 applies to his detention.

Section 1226(a) provides a discretionary framework for detention or release of an alien. The statute expressly allows the Attorney General to continue to detain the arrested alien or release the alien on "bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General," or "conditional parole." See 8 U.S.C. § 1226(a)(1), (2). This discretionary framework "requires a bond hearing to make an individualized custody determination." *See Lopez-Campos v. Raycraft,* 797 F.Supp.3d 771, 785 (E.D. Mich., 2025). Because the Court finds that Section 1226 applies to Respondent, he is entitled to a bond hearing consistent with that statute's provision.

### B. Due Process

Respondent also argues that his due process rights were violated when he was re-detained without a bond hearing. The Sixth Circuit has held that the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), regarding the adequacy of process, applies in the context of immigration detention. *See United States v. Silvestre-Gregorio*, 983 F.3d 848, 852 (6th Cir. 2020). Under *Mathews*, this Court must consider the following three factors: "(1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures entail." *See Lopez-Campos* at 785 (citing *Mathews*, 424 U.S. at 335).

Here, the *Mathew* factors weigh in favor of Respondent receiving a bond hearing. Respondent's private interest of being free from physical detention weighs heavily in the Court's consideration. There is also a risk that Respondent is being erroneously deprived of his freedom. Prior to his re-detention, he had been living freely; there is no evidence he was a danger to the community; and his willingness to appear was not even considered. These significant factors outweigh the Government's legitimate interest in ensuring that aliens appear for removal hearings and do not pose a danger to the community. Accordingly, the Court finds that Petitioner is entitled to certain due process rights such as an individualized bond hearing upon being detained.[1]

---

[1] The Court does not agree that Petitioner's *only* remedy for the due process violation is immediate release. Petitioner's due process rights can be protected by an individualized bond hearing consistent with this Court's orders in *Macias* and *Reyes-Rodriguez*.

**III.    Conclusion**

The Court **GRANTS** Petitioner's request for habeas relief and **ORDERS** that Respondents shall either:

(1) within five business days of this order (i.e., 5:00 pm on Friday, March 27, 2026), provide Petitioner with an individualized bond hearing, pursuant to 8 U.S.C. § 1226(a), at which the Government shall bear the burden of proof by clear and convincing evidence of justifying Petitioner's continued detention; or

(2) immediately release Petitioner from custody.

The Court **FURTHER ORDERS** Respondents to file a status report within 48 hours of the bond hearing or Petitioner's release, but no later than 3:00pm on March 30, 2026, certifying compliance with this Order.  The status report should inform the Court whether a bond hearing was held and, if so, the outcome of that bond determination and, if bond was denied, the reasons for the denial.

**IT IS SO ORDERED.**

Dated: March 20, 2026                                      *s/Dan Aaron Polster*
                                                          United States District Judge